IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **PNC BANK, NATIONAL ASSOCIATION,**<br>     **Plaintiff,**<br><br>v.<br><br>**CORY BLAINE BAGLIEN,**<br>     **Defendant.** | §<br>§<br>§<br>§   CIVIL ACTION NO. 23-113<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff PNC Bank, National Association, as successor in interest to BBVA USA ("**Plaintiff**" or "**PNC Bank**") files this Original Complaint against Defendant Cory Blaine Baglien ("**Defendant**"), and in support, respectfully shows:

### I.   PARTIES

1.   Plaintiff PNC Bank, National Association, a duly organized and existing national banking association with headquarters and principal place of business in Wilmington, Delaware. PNC Bank conducts business in Texas and maintains branches in Laredo, Texas.

2.   Defendant Cory Blaine Baglien is an individual believed to reside in Calgary, Alberta, Canada, and may be served with process at his residence in Calgary, Alberta, Canada, or wherever he may be found.

### II.   JURISDICTION & VENUE

3.   This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 because Defendant is a citizen of a different state than Plaintiff, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Specifically, Plaintiff is a citizen of Delaware because its principal place of business, as designated in its articles of

association, is in Delaware. Defendant is a citizen of Canada and is believed to reside in Calgary, Alberta, Canada.

4. This Court has personal jurisdiction over Defendant because he purposefully availed himself of the privileges and benefits of the laws of Texas by conducting business in Texas and by entering into a contract with PNC Bank in Laredo, Texas, which is performable in Laredo, Texas, and gives rise to the instant cause of action. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-292 (1980); *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 n.8 (1984); *Electrosource, Inc. v. Horizon Battery Techs.*, 176 F.3d 867, 872 (5th Cir. 1999).

5. Venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred within this district. 28 U.S.C. § 1391(b)(2).

6. In addition, there is a valid and enforceable forum-selection clause in the contract at issue, wherein the parties contractually agreed to submit to the jurisdiction of this district and division. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590-95 (1991); *Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995).

### III.   FACTUAL BACKGROUND

**A.   Promissory Note**

7. PNC Bank made a loan to Defendant in the amount of $210,000.00 secured by real property in Cabo San Lucas, Baja California Sur, Mexico (the "**Property**").

8. Specifically, Defendant, as borrower, executed a Promissory Note dated June 18, 2010, in the original principal amount of $210,000.00 in favor of PNC Bank[1] as Payee (the

---

[1] The Promissory Note and Loan Agreement attached hereto reflect that the loan agreement was between Defendant and Compass Bank, which later changed its name to BBVA USA, which then later merged into PNC Bank.

"**Note**"), a true and correct copy of which is attached hereto as **Exhibit A** and incorporated herein by reference.

9. PNC Bank is the legal owner and holder of the Note.

10. Defendant also executed a Loan Agreement in connection with the Note, which was executed on June 16, 2010 (the "**Loan Agreement**"), a true and correct copy of which is attached hereto as **Exhibit B**[2] and incorporated herein by reference.[3]

11. Under paragraph 5.01 of the Loan Agreement, any default by Defendant in the performance of any term, covenant, or agreement contained in the Loan Agreement shall be an event of default causing all outstanding principal plus unpaid interest to become immediately due and payable.

**B.    Default**

12. Defendant is in default on the Note because he has failed to pay principal and interest payments due on the Note.

13. On September 7, 2023, PNC Bank sent a formal demand to Defendant's last known addresses, demanding that Defendant pay the past-due balance owed on the Note, and further

---

[2] The Loan Agreement is written in the Spanish language. Neither the Federal Rules of Civil Procedure nor the Local Rules for the Southern District of Texas appear to require that an operative, foreign-language document attached to the complaint be accompanied by an English translation. Nonetheless, as part of Exhibit B, PNC Bank has included an informal, English-language translation of the Loan Agreement for the Court's convenience. An authenticated translation will be submitted to the Court upon request.

[3] In connection with the Note and the Loan Agreement, Defendant formed a Mexican Trust to own and hold legal title to the Property and executed an Irrevocable Deed of Trust and Guaranty Agreement with BBVA Bancomer, S.A., Institucion de Banca Multiple, Grupo Financiero BBVA Bancomer, Division Fiduciaria as Trustee, Defendant as beneficiary, and PNC Bank as a lien holder. By way of background, a trust was used here because the Mexican Constitution prohibits ownership of real property by foreigners within 31 miles of Mexico's coasts and 62 miles of its international borders. *See Compass Bank v. Williams*, Civil Action No. 5:12-CV-186, 2015 WL 12803710, at *1 n.1 (S.D. Tex. Jan. 20, 2015). The Property serves as collateral on the Note. PNC Bank is not seeking to enforce its rights in the collateral in this proceeding. To the extent that PNC Bank seeks to foreclose on the Property as provided for under the Irrevocable Deed of Trust and Guaranty Agreement and Mexican law, the proceeds of said foreclosure will be credited to any judgment obtained in this matter. *See* Tex. Prop. Code §§ 51.003; 51.005; *In re Gayle*, 189 B.R. 914, 918 (Bankr. S.D. Tex. 1995); *Grant v. U.S. Dept. of Veteran's Affairs*, 827 F. Supp. 418, 421 (S.D. Tex. 1993).

3

notifying Defendant that if he failed to cure the default, PNC Bank intended to accelerate the Note according to the terms thereof and/or of the Loan Agreement. A true and correct copy of the Notice of Default and Intent to Accelerate is attached hereto as **Exhibit C**[4] and incorporated herein by reference.

14. To date, Defendant remains in default. Therefore, PNC Bank hereby accelerates the Note, in accordance with the terms of the Note and/or the Loan Agreement, and declares that all principal and interest under the Note is now immediately due and payable. The total amount of principal owed by Defendant on the Note to date is $77,711.32, plus interest and expenses, which continue to accrue in accordance with the terms of the Note and Loan Agreement.

## IV.   CLAIMS

### Claim 1: Breach of Contract/Suit on Note

15. Plaintiff incorporates herein by reference paragraphs 1 through 14 above.

16. Defendant entered into a valid and binding contract with PNC Bank when he executed the Note and the Loan Agreement.

17. PNC Bank performed all of its obligations under the Note and the Loan Agreement.

18. Defendant is in default under the Note and the Loan Agreement for non-payment of principal and interest when due.

19. Defendant's default and breach of the Note and Loan Agreement has caused Plaintiff to incur damages for which it now sues.

---

[4] The Notice of Default and Intent to Accelerate attached hereto as Exhibit C does not include the enclosures to the same.

20.    As of the date of this filing, the full amount of principal due on the loan is $77,711.32, plus interest and other expenses, which continue to accrue in accordance with the terms of the Note and Loan Agreement.

## V.    CONDITIONS PRECEDENT

21.    All conditions precedent for the bringing of this suit have been performed or have occurred.

## VI.    ATTORNEY'S FEES

22.    Plaintiff incorporates herein by reference paragraphs 1 through 21 above.

23.    Pursuant to the terms of the Note and Loan Agreement, Defendant agreed to pay PNC Bank such additional sum for expenses and attorney's fees as the court may adjudge reasonable in the event PNC Bank should commence suit to enforce payment of the Note and accrued interest, if any.  Defendant's conduct has required PNC Bank to hire the undersigned attorneys to bring this suit.  As a result of Defendant's conduct, PNC Bank is entitled to recover its reasonable attorney's fees for bringing this suit in the trial court and on any appeals of this suit.

24.    In addition, Plaintiff is entitled to recover its attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001 *et seq*.  Defendant's conduct has required Plaintiff to hire the undersigned attorneys to prosecute this suit.  Plaintiff has presented the claims described above to Defendant.  Over 30 days have expired since presentment of Plaintiff's claims to Defendant, yet Defendant has failed to comply with or honor Plaintiff's claims.  As a result of Defendant's conduct and failure to comply with their contractual obligations, Plaintiff is entitled to recover its reasonable attorney's fees for prosecuting this suit in the trial court and on any appeals of this suit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon hearing and trial, Plaintiff recover Judgment from Defendant as follows:

1. Principal in the amount of $77,711.32 plus interest and expenses in accordance with the terms of the Note and Loan Agreement;
2. Reasonable attorney's fees through trial, with contingent awards in the event of appeals;
3. Pre-judgment interest at the rate of 17.5% per annum, which is the default rate of interest provided in the Note, and post-judgment interest at the statutory rate or as allowed under the law;
4. All costs of court; and
5. Any and all further relief, both in law and in equity, to which Plaintiff may be deemed justly entitled.

Date: October 13, 2023.

Respectfully submitted,

**DAVIS & SANTOS, PLLC**

By:   */s/ Sarah Santos*
    Sarah Santos
    **Attorney-in-Charge for Plaintiff**
    State Bar No. 24040955
    Southern District No. 602646
    E-mail: ssantos@dslawpc.com
    Landon Hankins
    State Bar No. 24100924
    Southern District No. 3370321
    E-mail: lhankins@dslawpc.com
    719 S. Flores Street
    San Antonio, Texas 78204
    Telephone: (210) 853-5882
    Facsimile: (210) 200-8395